CLARK, C.J., concurs in part.
The controversy is to determine the right of the defendant, the Central Highway Commission, to issue bonds of the county of Person for the construction and maintenance of the public highways therein, pursuant to chapter 74, Public-Local Laws 1919, as amended by the Laws of 1919, and to the issuance of an injunction to restrain the said proposed bond issue.
There was judgment for defendant, and plaintiff excepted and appealed.
Chapter 74, Public-Local Laws 1917, establishes a general scheme for the construction and maintenance of the public roads of Person County, creates a Central Highway Commission with power *Page 376 
to supervise and control the matter, authorizes a bond issue, not to exceed $300,000, on approval of a majority of the votes cast at an election to be held for the purposes, and the laying of a tax, not to exceed 50 cents on the hundred dollars valuation of property and one hundred and fifty on the poll, to meet the interest and provide a sinking fund, the latter not to exceed 1 per cent on the entire issue; and the commission is authorized, in its discretion, to use any of the sinking fund for the purchase in open market of any of the bonds issued under the act, which said bonds are to run for a period not exceeding forty years from the date of issue. An election having been held and the bond issue approved by the voters, the act, in reference to the form of the (356) bonds and the times when the same might be made to mature and when the current interest thereon paid, provides as follows: "The bonds so issued shall bear interest at the rate of not to exceed 5 per cent, payable the first day of July and January of each year, and shall run for a period not exceeding forty years from date of issue. The said Central Highway Commission may provide for the retirement of seventy-five thousand dollars of said bonds at the end of ten years after date of issue, seventy-five thousand dollars at the end of twenty years, seventy-five thousand dollars at the end of thirty years, and the other seventy-five thousand dallors at the end of forty years, all of this to be in the discretion of the Central Highway Commission."
This statute was regularly passed, pursuant to Article II, section 14 of the State Constitution, which requires that, in order to the validity of a law of this kind, "The bill shall be read three several times in each house of the General Assembly and passed three several readings, which readings shall have been on three different days and agreed to by each house respectively, and unless the yeas and nays on the second and third readings of the bill shall have been entered on the Journal." Before any bonds issued the General Assembly of 1919 amended this portion of section 2 of the original law, the amendment being in terms as follows:
"The General Assembly do enact: That section two of chapter seventy-four of Public-Local Laws of one thousand nine hundred and seventeen be and the same is hereby amended by striking out the words `the first day of January and July of each year,' in line thirty thereof, and inserting in lieu thereof the word `semi-annually.' And by striking out all of said section after the word `issue,' in line thirty-one thereof, and inserting in lieu thereof the following: `The said bonds may be made to mature in series at such time or times as the Central Highway Commission may in its discretion determine, it being the intent of this act to confer upon said Central Highway Commission full power and *Page 377 
discretion to provide for the retirement of said bonds so sold by it in such amounts and at such time or times as it may prescribe within forty years from the date of the issue.'" That, under the powers conferred by these statutes and approved in the election, as stated, the Central Highway Commission of Person County proposes to issue and sell the coupon bonds of the county, to the amount of $225,000, bearing interest at the statutory rate and to mature as follows:
$15,000 maturing in 5 years from date of issue
$20,000 maturing in 10 years from date of issue
$25,000 maturing in 15 years from date of issue
$35,000 maturing in 20 years from date of issue
$45,000 maturing in 25 years from date of issue
$55,000 maturing in 30 years from date of issue (357)
$30,000 maturing in 33 years from date of issue
That the amendment to said act was not passed pursuant to Article II, section 14, and the question presented is as to the validity of the proposed issue. In various decisions of the court, construing this section of the Constitution, it has been held that when the original act, providing for the creation of a debt and the levy of a tax, etc., has been passed, pursuant to the constitutional requirements, that an amendment thereto, which does not increase the amount of the debt or the taxes to be levied or otherwise materially change the original bill, will be valid and constitute a portion of the law without the observance of the formalities referred to.Gregg v. Comrs., 162 N.C. p. 479; Comrs. v. Stafford, 138 N.C. p. 453;Brown v. Stewart, 134 N.C. p. 357; Glenn v. Wray, 126 N.C. p. 730. Considering the record, in view of these decisions and others of like kind, we do not hesitate to hold that the amendment, the subject-matter of this controversy, makes no material change in the original statute and that the bond issue referred to will be in all respects valid.
It would not be seriously contended, in reference to the payment of the interest, that the change, making same due semi-annually instead of the first of July and January of each year, has any appreciable significance, and as to the tentative scheme submitted for the maturing of the bonds in successive periods of five, ten, fifteen years, etc., the time limit of forty years for the bond issue, contained both in the original act and the amendment, has not been passed. Neither the amount of the debt nor the rate of taxation has been exceeded. As stated in the well-considered argument of defendant's counsel, the sinking fund provision, limited to 1 per cent on the entire issue, would be more available and effective by reason of proposed method, and the burden on the taxpayer would seem to be made lighter rather than *Page 378 
increased; but, apart from this, and we prefer to rest our decision on this ground, we are clearly of opinion that both in the original act and in the amendment the time for maturing and retirement of these bonds was left in the discretion of the Central Highway Commission, subject to the limitation that the issue should, in no event, exceed the period of forty years from the date of issue. On the question directly presented, while the original act, more by way of suggestion than requirement, provides that the commission may retire $75,000 of bonds at the end of ten years, $75,000 at the end of twenty, etc., and while the term "may" is usually construed as "shall" when a public duty is imposed upon a public official, Jones v. Comrs., 137 N.C. p. 579, the portion of the law in question here closes with the very significant and, to our minds, controlling provision that "All of this to be in the discretion of (358) the Central Highway Commission." And the amendment, in striking out this part of section 2 and substituting for it the provision leaving the matter in the power and discretion of the commission, had no sensible effect upon the original statute. The amendment was no doubt enacted to put at rest some question that had been raised concerning it and, in our opinion, made no appreciable change from the original law.
This disposes of the only exception appearing in the record. In regard to the effect of section 1, Article V of our Constitution, on the issue presented, that which establishes a limit of taxation on the poll and property and a fixed equation between them, as the question has been otherwise mooted, we consider it well to say that under authoritative construction dealing directly with the subject this section of the Constitution refers to the ordinary general taxation for state and county purposes, and has no application to taxation of this kind, which is for a special purpose, entered on with the special approval of the General Assembly, and which, in this instance, has also the sanction and approval of the popular vote. Moose v. Comrs., 172 N.C. 419.
There is no error in the judgment of his Honor, and the same is
Affirmed.